IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ARK-LA-TEX HEALTH CENTER, P.A.                                                          PLAINTIFF

v.                                              Case No. 4:24-cv-4004

ALLSTATE INSURANCE COMPANY                                                          DEFENDANT

**ORDER**

Before the Court is Plaintiff Ark-La-Tex Health Center, P.A.'s Motion to Remand. ECF No. 8. Defendant Allstate Insurance Company responded. ECF No. 10. The Court finds the matter ripe for consideration.

On August 25, 2023, Plaintiff filed this action in the Miller County, Arkansas Circuit Court. ECF No. 2-1. Plaintiff then filed a First Amended Complaint on December 13, 2023, which is the operative complaint in this matter. ECF No. 3. Plaintiff alleges one claim for the tort of conversion against Defendant regarding an unpaid medical lien. Plaintiff requests compensatory damages of $5,281.00, equaling the amount of the allegedly unpaid lien, plus interest. Plaintiff also request punitive damages in an amount that would combine with the compensatory damage award to equal no more than $74,999.00, "which is below the amount required for federal court jurisdiction in diversity of citizenship cases, and which prevents [Defendant] from removing this case from state court to federal court."

On January 18, 2024, Defendant removed this action to this Court pursuant to 28 U.S.C. § 1441(a). ECF No. 2. Defendant asserts that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. Defendant states that its notice of removal

was timely under 28 U.S.C. § 1446(b) because it was served with Plaintiff's complaint on December 18, 2023.

On February 19, 2024, Plaintiff filed the instant motion to remand this action to the Miller County, Arkansas Circuit Court. Plaintiff argues that the Court lacks subject matter jurisdiction under § 1332 because the complaint clearly limited the recovery Plaintiff sought to an amount below $75,000. Plaintiff contends that its asserted damages request is controlling for jurisdiction and that all doubts should be resolved in favor of remand. Plaintiff also requests attorney's fees pursuant to 28 U.S.C. § 1447(c), arguing that Defendant's removal was egregiously wrongful in the face of Plaintiff's explicit damages request.

Defendant responded in opposition, arguing that Plaintiff's request for punitive damages makes the amount in controversy greater than $75,000. ECF No. 11. Defendant emphasizes that the case referenced by Plaintiff in its complaint and in the instant motion as an example of Defendant's wrongdoing, *Allstate Ins. Co. v. Dodson*, 2011 Ark. 19, 376 S.W.3d 414, demonstrates that punitive damages could likely amount to millions of dollars. Defendant also emphasizes that jurors make the ultimate determination regarding the amount of punitive damages. Defendant then notes that there is no sworn statement or affidavit in the record from Plaintiff affirming that it will not later amend its damages request.

District courts have original jurisdiction in actions were "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).[1] Generally, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant." 28 U.S.C. § 1441(a). "If removal of a civil action is sought on the basis of the

---

[1] The parties do not dispute that there is complete diversity of citizenship in this action.

2

jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy[.]" 28 U.S.C. 1446(c)(2). However, "removal of the action is proper . . . if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)." 28 U.S.C. 1446(c)(2)(B). "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014). Once a plaintiff challenges a defendant's assertion that the amount in controversy meets diversity jurisdiction requirements, a court must then determine by a preponderance of the evidence if the jurisdictional amount is satisfied. *See id*. at 88 (citing 28 U.S.C. 1446(c)(2)(B)). The defendant bears the burden of proving that the jurisdictional amount is satisfied in a removed action. *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009). "Federal courts are to 'resolve all doubts about federal jurisdiction in favor of remand' and are strictly to construe legislation permitting removal." *Dahl v. R.J. Reynolds Tobacco Co.*, 478 F.3d 965, 968 (8th Cir. 2007) (internal quotation omitted).

The Court finds that Defendant has not met its burden to show that the amount in controversy exceeds the diversity jurisdiction threshold. The Court notes Defendant's implied concern that Plaintiff's particular damages request is a nakedly cynical attempt to avoid adjudicating in federal court. However, the only evidence Defendant presents regarding the amount in controversy is its reference to the *Dodson* case. That a jury awarded $15 million in punitive damages in that case is not sufficiently persuasive because that case involved more claims and the compensatory damages award was $6 million. *Dodson*, 2011 Ark. 19, 376 S.W.3d 414. Applying the same ratio of compensatory to punitive damages award from *Dodson* to Plaintiff's $5,281.00 compensatory damages request would only result in a total damages award of

3

$13,202.50. Plaintiff would need to recover punitive damages that are over ten times the amount of its requested compensatory damages to reach the requisite amount for diversity jurisdiction.[2] Though high punitive damages award ratios are permissible under Arkansas law, it is unlikely that the potential ratio necessary to convey diversity jurisdiction for Plaintiff's claim would comply with due process. *See BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 580-81 (1996) (suggesting that the highest permissible ratio for punitive to compensatory damages that could comply with due process is ten to one); *and see Bank of Eureka Springs v. Evans*, 109 S.W.3d 672, 684 (Ark. 2003) (citing *BMW of N. Am., Inc. v. Gore* to note that a four to one punitive to compensatory damages ration is approaching the border of being unconstitutional). Therefore, the Court finds that Defendant has not demonstrated by a preponderance of the evidence that there is a sufficient amount in controversy in this action to establish subject matter jurisdiction pursuant to § 1332(a). *See Bell*, 557 F.3d at 956. Accordingly, this action must be remanded.

For the reasons stated above, the Court finds that Plaintiff's Motion to Remand (ECF No. 8) should be and hereby is **GRANTED**. This action is hereby immediately **REMANDED** to the Miller County, Arkansas Circuit Court. Plaintiff's request for attorney's fees and costs is hereby **DENIED**.

**IT IS SO ORDERED**, this 5th day of April, 2024.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge

---

[2] A ten to one recovery of punitive to compensatory damages would only award Plaintiff $58,091.

4